IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IOU CENTRAL, INC.
doing business as
IOU Financial, Inc.,

     Plaintiff,

        v.

EMBRYOLISSE USA, INC.
also known as
ZoBeauty, Inc., et al.,

     Defendants.

CIVIL ACTION FILE
NO. 1:19-CV-4427-TWT

## ORDER

Pursuant to Rule 11(c)(3) of the Federal Rules of Civil Procedure, the Plaintiff IOU Central, Inc. and Paul Wersant, counsel for the Plaintiff, are hereby ORDERED to SHOW CAUSE as to why Rule 11 sanctions should not be imposed for the following violations of Rule 11(b):

1. The Plaintiff, IOU Central, Inc. ("IOU"), lends money over the Internet. When its debtors default on these loans, IOU sues the debtors, and often non-parties, in Georgia. The claims often come in before the Court as shotgun pleadings making legally dubious arguments. These filings appear designed to extract nuisance-value settlements from the debtors and non-parties.

2. The Court has taken judicial notice of numerous dockets of cases filed

T:\ORDERS\19\IOU Central, Inc\19cv4427\rule11twt.docx

in the Northern District of Georgia that appear to follow this pattern.

These cases include, but are not limited to:

- *IOU Central, Inc. v. John's Baylobsters & Seafood et al.* (1:19-CV-5090-TWT)

- *IOU Central, Inc. v. Intercom, Inc. et al.* (1:19-cv-04595-TWT)

- *IOU Central, Inc. v. D'Agostino et al.* (1:20-cv-02169-WMR)

- *IOU Central, Inc. v. Mason et al.* (1:19-cv-04202-LMM)

- *IOU Central, Inc. v. Pezzano Contracting and Development, LLC et al.* (1:19-cv-04882-TCB)

- *IOU Central, Inc. v. Big State Tire and Axle, Inc. et al.* (1:20-cv-00200-MHC)

- *IOU Central, Inc. v. Best Restorations, Inc. et al.* (1:19-cv-05416-MHC)

- *IOU Central, Inc. v. Straightline Commercial & Residential Coatings, Inc. et al.* (1:19-cv-04749-SDG)

- *IOU Central, Inc. v. Trinity Valley Building Center, Inc. et al.* (1:19-cv-05786-SDG)

- *IOU Central, Inc. v. Genuine Property Solutions, LLC et al.* (1:20-cv-00213-LMM)

- *IOU Central, Inc. v. Kailani Tours Hawaii, LLC et al.* (1:20-cv-00448-LMM)

- *IOU Central, Inc. v. Merrill et al.* (1:20-cv-00453-JPB)

2

- *IOU Central, Inc. v. Trujillo et al.* (1:20-cv-01214-ELR)

- *IOU Central, Inc. v. T&M Investments, Inc. et al.* (1:20-cv-01223-ODE)

- *IOU Central, Inc. v. Krychev et al.* (1:20-cv-02675-MHC)

- *IOU Central, Inc. v. MP Copiers, Inc. et al.* (1:20-cv-02835-CC)

- *IOU Central, Inc. v. Benz Acquisition Co., Inc. et al.* (1:20-cv-02863-CC)

- *IOU Central, Inc. v. Mahmud et al.* (3:19-cv-00164-TCB)

- *IOU Central, Inc. v. Metal Specialists, LLC et al.* (3:20-cv-00014-TCB)

- *IOU Central Inc. v. Swan Consulting, Inc. et al.* (1:20-cv-00031-MLB)

- *IOU Central, Inc. v. Ladd et al.* (1:20-cv-00112-SDG)

- *IOU Central, Inc. v. BADA International, Inc. et al.* (1:20-cv-00161-SDG)

- *IOU Central, Inc. v. Atlantic Mechanical Services, LLC et al.* (1:20-cv-00265-MHC)

- *IOU Central, Inc. v. Vinyl Works, LLC et al.* (1:20-cv-01272-WMR)

- *IOU Central, Inc. v. Rosin et al.* (1:20-cv-02116-LMM)

- *IOU Central, Inc. v. Shore Appliance Connection Inc. et al.* (1:20-cv-02367-MLB)

3

- *IOU Central, Inc. v. Schmitz et al.* (1:20-cv-00007-ELR)

- *IOU Central, Inc. v. Siglinger et al.* (1:19-cv-05478-ELR)

3. Across these cases, Counsel for IOU has repeatedly violated this Court's Local Rules and filed motions that, reviewed together, appear to further improper purposes, such as harassing opposing parties and increasing litigation costs.

4. Many pleadings filed by Mr. Wersant on behalf of the Plaintiff have been deemed shotgun pleadings for failing to comply with Federal Rules of Civil Procedure 8(a)(2), 10(b), or both. *See IOU Central, Inc. v. Mason et al.* (1:19-cv-04202-LMM), Doc. 69; *IOU Central, Inc. v. Straightline Commercial & Residential Coatings, Inc. et al.* (1:19-cv-04749-SDG), Doc. 23.

5. The Plaintiff has repeatedly filed vexatious Motions to Strike, alleging improprieties ranging from minor violations of Local Rules to allegations of Unauthorized Practice of Law. *See IOU Central, Inc. v. Siglinger et al.* (1:19-cv-05478-ELR), Doc. 40 (moving to strike the defendants' Reply Brief in Support of the Motion to Dismiss because it raised allegedly new arguments); *IOU Central, Inc. v. Big State Tire and Axle, Inc. et al.* (1:20-cv-00200-MHC), Doc. 24 (moving to strike the defendants' Motion to Dismiss for violations of Local Rule 7.1, which Judge Cohen later denied); *IOU Central, Inc. v. Trinity Valley Building Center, Inc. et al.* (1:19-cv-05786-SDG), Doc. 29 at 8

4

(moving to strike the defendants' Answer because it "resulted from [the attorney's] unauthorized practice of law," which Judge Grimberg later denied as meritless); *IOU Central, Inc. v. Merrill et al.* (1:20-cv-00453-JPB), Doc. 13 (moving to vacate the Court's Order granting *pro hac vice* status and to strike the Defendant's Answer).

6. Despite filing many Motions to Strike predicated on alleged Local Rules violations, the Plaintiff has repeatedly violated this Court's Local Rules. For example, the Plaintiff has repeatedly failed to meet filing deadlines, requesting after-the-fact extensions for a wide variety of reasons. *See IOU Central, Inc. v. Siglinger et al.* (1:19-cv-05478-ELR), Doc. 35 (moving for leave to file untimely response due to calendar mistake while on vacation); *IOU Central, Inc. v. John's Baylobsters & Seafood et al.* (1:19-CV-5090-TWT), Doc. 8 (filing of Amended Complaint after time to amend as a matter of right had expired); *IOU Central, Inc. v. Atlantic Mechanical Services, LLC et al.* (1:20-cv-00265-MHC), Doc. 17 (dismissing IOU's claims without prejudice for failure to file a Joint Preliminary Report and Discovery Plan in violation of the Local Rules, Federal Rules, and an Order from this Court).

7. Several Judges of this Court have voiced concerns regarding the Plaintiff's litigation practices in their Orders. *See IOU Central, Inc. v. Straightline Commercial & Residential Coatings, Inc. et al.* (1:19-

5

cv-04749-SDG), Doc. 23 at 1–2 ("IOU's Complaint is one of many similarly styled complaints filed by IOU in this District. Each complaint contains a litany of non-specific allegations against various defendants, claiming that the defendants made misrepresentations to IOU to secure loans, and then violated the loan agreements. IOU's apparent strategy in these cases is to cast a broad net of claims against a variety of defendants in an effort to recover on the defaulted loans."); *IOU Central, Inc. v. Mason et al.* (1:19-cv-04202-LMM), Doc. 120 at 1 ("The Court will note, however, that Mr. Wersant has multiple cases pending before me. In each of these cases, there are an unusually large number of discovery disputes and ethical issues being raised.").

8. All of the practices described above were repeated in the instant case.

9. In this case, the Defendants described the Plaintiff's actions in the following ways, which align with the Court's views here:

- IOU uses this Court as a tool to obtain undeserved leverage against innocent, out-of-state third parties. IOU is not a real victim of many conspiracies, it is a bully that uses the expense of federal litigation in another state to extort nonresidents. (Defs.' Br. in Opp'n to Pl.'s Mot. to Strike ¶ 3.)

- IOU frequently files meritless motions to strike and other such vexatious motions making outlandish and unsupported

6

allegations of litigation wrongdoing to increase the cost for its out-of-state victims. IOU will routinely throw a flood of arguments against the wall to see if any stick, without verifying the accuracy of its assertions, knowing that its opponent will have to respond to each claim no matter how frivolous. (*Id.* ¶ 4.)

Taken together, the Court cannot escape the conclusion that IOU, through Mr. Wersant, is using the cost of federal litigation to harass its debtors and extract nuisance-value settlements from nonresident third parties. Given the repeated violations of this Court's Local Rules, its voluminous filings that are often deemed improper or meritless, and other concerning actions, the Plaintiff IOU Central, Inc. and  Mr. Wersant are ORDERED to SHOW CAUSE as to why sanctions should not be imposed for violations of Federal Rule of Civil Procedure 11(b). IOU Central, Inc. and Mr. Wersant must file a response to this Order within fourteen days. Failure to respond will result in this Motion being deemed unopposed.

SO ORDERED, this 2 day of April, 2021.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

T:\ORDERS\19\IOU Central, Inc\19cv4427\rule11twt.docx