IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IOU CENTRAL, INC.
doing business as
IOU Financial, Inc.,

     Plaintiff,

       v.

EMBRYOLISSE USA, INC.
also known as
ZoBeauty, Inc., et al.,

     Defendants.

CIVIL ACTION FILE
NO. 1:19-CV-4427-TWT

## OPINION AND ORDER

This is a suit on a note. It is before the Court on the Motion to Vacate Order to Show Cause, Clerk's Judgment, Notice of Voluntary Dismissal, Response to Order to Show Cause, Motion for Sanctions, and Motion to Reopen Case [Doc. 76] filed by Paul Wersant, the "pro se" former attorney for the Plaintiff IOU Central. This action was filed by Mr. Wersant as attorney for IOU Central on October 1, 2019. The Complaint named as Defendants Embryolisse, the debtor on the note, Timothy Kost and Michelle Shaffer-Kost, the two Florida residents who were personal guarantors on the note, Richard McIntyre, the Florida attorney who represented Embryolisse and the Kosts in dealing with IOU Central, and Mr. McIntyre's Florida law firm.

McIntyre and the McIntyre law firm filed a Motion to Dismiss the Complaint against them. They alleged that the Plaintiff had sued a

non-resident Florida law firm and Florida attorney in Georgia, for providing legal advice entirely out-of-state, to a non-resident client. They asserted that the Plaintiff did not allege the non-resident law firm and attorney conducted or solicited business or otherwise engaged in conduct within the state of Georgia. They alleged that under controlling Supreme Court and Eleventh Circuit law, this action should be dismissed for lack of personal jurisdiction and improper venue. Rather than respond to the Motion to Dismiss, IOU Central filed an Amended Complaint adding various irrelevant allegations against McIntyre and his law firm. The McIntyre Defendants filed a second Motion to Dismiss. The Plaintiff failed to file a timely response to the Motion to Dismiss and moved to amend the Amended Complaint. The Court granted the motion to amend, and a Second Amended Complaint was filed. The McIntyre Defendants filed a third Motion to Dismiss the second Amended Complaint. The Plaintiff failed to file a timely response, instead filing a Motion to Strike.

On March 22, 2021, in a rather scathing Order, the Court granted the McIntyre Defendants' Motion to Dismiss for lack of personal jurisdiction. The Court dismissed all other claims of the second Amended Complaint as a shotgun pleading and ordered the Plaintiff to file a third Amended Complaint within fourteen days from the date of the Order. On April 2, 2021, the Court issued an Order directing IOU Central and its attorney Paul Wersant to show cause as to why sanctions should not be imposed for violations of Federal Rule

of Civil Procedure 11(b). On April 5, 2021, the Plaintiff filed a Notice of Voluntary Dismissal as to the entire case. The Clerk entered a judgment dismissing the case. On April 16, 2021, IOU Central and Wersant filed a Response to the Order to Show Cause. The Response contained the Plaintiff's usual outrageous and outlandish accusations and misstatements of law. It also contained this statement: "Plaintiff's counsel apologies [sic] for the issues of timely filings and the motions to strike, who has not filed a new case in the Court since last year or a motion to strike in many months who is remedying these issues in the other unrelated cases below." That appeared to be the end of the matter.

More than two years later out of the blue, on July 21, 2023, the "pro se" former attorney for IOU Central Paul Wersant filed a Motion to Vacate [Doc. 70]. The motion was withdrawn, refiled, again withdrawn and refiled, and is currently before the Court [Doc. 76. Wersant states in the motion that he no longer represents IOU Central. He is not a party to this case. He has no standing to seek to vacate the judgment that was entered in this case. *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1518 (11th Cir. 1983)("A nonparty may not reopen the case and relitigate the merits anew; neither may he destroy the validity of the judgment between the parties."). He has stated no basis for vacating the Notice of Voluntary Dismissal that he filed on behalf of his former client. He is not a "legal representative" of his former client entitled to invoke Rule 60. *See Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1520 (11th Cir. 1987).

His accusation that the McIntyre Defendants obtained the judgment of dismissal by fraud or misconduct is unsupported by any facts and is barred by the one-year time limit of Federal Rule of Civil Procedure 60(c)(1). He has stated no basis for relief under Federal Rule of Civil Procedure 60(b)(6). In any event, waiting two years to make such a motion is not within a reasonable time. His motion for sanctions against the McIntyre Defendants is frivolous. The Motion to Vacate Order to Show Cause, Clerk's Judgment, Notice of Voluntary Dismissal, Response to Order to Show Cause, Motion for Sanctions, and Motion to Reopen Case [Doc. 76] is DENIED.

SO ORDERED, this ___23rd___ day of February, 2024.

THOMAS W. THRASH, JR.
United States District Judge